IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED

MAY 19 2010

CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 2:10CR83 |
| v. | ) |
| ROBERT GLENN FORD, | ) |
| Defendant. | ) |

ORDER

Upon the motion of the defendant, ROBERT GLENN FORD, by and through counsel, Lawrence H. Woodward, Jr., and with the agreement of the government, by and through its counsel, it is hereby,

ORDERED pursuant to Fed. R. Crim. P. 16(a), that:

I. Discovery and Inspection

1. The government shall disclose to the defendant and make available for inspection, copying or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant a copy of any prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

5. The government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial not later than fourteen calendar days before trial. This summary shall describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

It is further ORDERED pursuant to Fed. R. Crim. P. 16(b), that upon government compliance with the foregoing,

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the

possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to such testimony.

8. The defendant shall disclose to the government a written summary of testimony the defendant intends to use under Rule 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial not later than fourteen calendar days before trial. This summary shall describe the opinions of the witnesses, the bases and reasons therefor, and the witnesses' qualifications.

It is further ORDERED that if, prior to or during trial, a party discovers additional evidence or material which is subject to discovery or inspection under the ORDER, the party shall promptly notify the other party or its attorney or the Court of the existence of the additional evidence or material.

II. Federal Rules of Evidence 404(b)

It is further ORDERED that, by close of business ten calendar days prior to trial, the government shall provide notice to the defendant, in accordance with Fed. R. Evid. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of the defendant which it intends to

introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

### III. Brady Material

It is further ORDERED that the government shall comply with its obligations to produce any known exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

### IV. Jencks/Giglio Materials

The parties agree to the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure to certain materials to be provided to the defendant.

It is further ORDERED that the government attorney is protected if he discloses to defense counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks Act*, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; United States v. Giglio, 405 U.S. 150 (1972), and Brady v. Maryland, 373 U.S. 83 (1963).

It is held that the grand jury and other investigative materials are provided for purposes of the trial of the above-captioned case; that such materials are not to be disseminated for any other purposes; and that such materials will be returned to the United States Attorney's Office by defense counsel immediately upon the conclusion of the trial in this matter. The materials are not to be shown to anyone with the exception of the defendant, defendant's attorney of record in this case and those persons employed by the defense attorney who are necessary to assist counsel of record in preparation for trial. Defense counsel shall not reproduce the documents and transcripts for dissemination to any persons or parties, including the defendant, and shall maintain complete custody and control over them, including all copies.

It is further ORDERED that by close of business ten calendar days prior to trial and upon the resolution of all outstanding pretrial motions, the government shall produce to the defendant the <u>Jencks</u> Act and <u>Giglio</u> materials for the witnesses who will testify in the government's case in chief.

It is further ORDERED pursuant to Fed. R. Crim. P. 26.2, that by close of business ten calendar days prior to trial, the defendant, by and through counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

### V. Notice of Alibi

It is further ORDERED that pursuant to Fed. R. Crim. P. 12.1, that by close of business twenty days prior to trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi and that the government through this joint discovery order is hereby deemed to have made proper demand for written notice of such alibi. It is further ordered that the defendant and the government shall comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

/s/
Tommy E. Miller
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

Date: May 19, 2010
Norfolk, Virginia

We ask for this:

_____
Lawrence H. Woodward, Jr.
Counsel for Robert Glenn Ford


_____
Alan M. Salsbury
Assistant United States Attorney


_____
Melissa E. O'Boyle
Assistant United States Attorney